IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Destiny Kinchae McGee, | ) | Case No. 8:25-cv-11698-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anderson Housing Authority, Jeff Trahan, Gary Thompson, Amanda Medlin, Rose Randolph, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se amended complaint and motion for temporary restraining order ("TRO"). ECF Nos. 19, 25. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 13, 2026, the Magistrate Judge issued a Report ("the First Report") recommending that the motion for TRO be denied. ECF No. 26. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections to the Report.[1] On February 23, 2026, the Magistrate Judge issued a Report ("the Second Report") recommending that this action be dismissed with prejudice, without

---

[1] The Court notes that, after the issuance of the First Report, Plaintiff did file a motion for leave to file a clarifying amended complaint and a motion to supplement the amended complaint. ECF Nos. 28, 29. The Magistrate Judge denied the motions on February 23, 2026. ECF No. 32.

further leave to amend, and without issuance and service of process.  ECF No. 33.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Second Report.  ECF No. 35.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, with respect to both Reports, the Court finds that the Magistrate Judge has included a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Court will address each Report in turn.

2

In the First Report, the Magistrate Judge recommends that the motion for TRO be denied because Plaintiff has not demonstrated a likelihood of success on the merits. ECF No. 26. The Magistrate Judge notes that Plaintiff's motion for TRO alleges different claims from the claims brought in her amended complaint and that the allegations in her amended complaint did not establish a likelihood of success on the merits. Further, the Magistrate Judge further found that Plaintiff failed to show that she is likely to suffer irreparable harm in the absence of a TRO.

As noted above, Plaintiff did not file specific objections to this Report. She did file two documents requesting to amend or supplement her complaint. The Court has reviewed these documents and finds that they should not be liberally considered as objections to the First Report. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.[2] Plaintiff's motion for TRO is denied.

Turning to the Second Report, the Magistrate Judge recommends dismissing this action because Plaintiff has failed to state a plausible claim for relief. ECF No. 33. Plaintiff filed objections. ECF No. 35. Accordingly, the Court's review has been de novo.

Upon de novo review and out of an abundance of caution for a pro se party, the Court finds that the best course of action is to permit Plaintiff one more opportunity to amend her complaint. Specifically, there was no finding of futility, prejudice, or other reason given to deny her motions seeking to amend and supplement her complaint.

---

[2] The Court notes that, even upon de novo review, the undersigned would still agree with the Magistrate Judge's recommendation because Plaintiff's motion for TRO is unelated to the claims asserted in her amended complaint.

Moreover, it appears the Magistrate Judge considered, at least in part, her proposed amendments.  At this procedural posture, the Court finds that the most appropriate way forward is to allow Plaintiff an additional opportunity to amend.

Plaintiff is given 14 days to file a second amended complaint.  Plaintiff is specifically reminded that her second amended complaint will replace all other complaints and supplements and must be a complete statement of her case.  Plaintiff is directed to clearly label the document as her "Second Amended Complaint" and to clearly state all claims and supporting facts.  Failure to file a second amended complaint within the time provided may result in dismissal of this action without prejudice for failure to comply with an order of the Court pursuant to Federal Rule of Civil Procedure 41(b).

## **CONCLUSION**

Therefore, as to the First Report, the Court agrees with the recommendation of the Magistrate Judge.  The motion for TRO [25] is **DENIED**.  The Court respectfully declines to adopt the Second Report of the Magistrate Judge.  This matter is recommitted to the Magistrate Judge for further evaluation consistent with this Order.  Plaintiff is directed to file a second amended complaint within 14 days.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 23, 2026
Spartanburg, South Carolina

4